Hon. F. J. MOSES, CHIEF JUSTICE.
Hon. A. J. WILLARD, ASSOCIATE JUSTICE.

---

### V. D. V. AUSTIN *vs.* WARREN KINSMAN.

Where a decree of the Court of Appeals disposes of all matters of defence that had been made in the cause, and refers it to the Commissioner to ascertain a certain fact—as, for instance, the amount of a mortgage debt—upon the coming in of the report new questions cannot be raised, by exception, which should have been taken before the appeal decree was made. The defendant is concluded by the appeal decree from a ground of defence that does not necessarily and legitimately arise under It.

Conclusions of the Commissioner, upon questions of fact, which the Chancellor has sustained, will not be disturbed by the appellate Court, unless it be very clear, from the evidence, that other results should have been attained.

BEFORE LESESNE, CH., AT ORANGEBURG, APRIL, 1868.

By the decree made in this case, 28th February, 1867, which was sustained on appeal, (13 Rich. Eq., 259,) it was decided "that the defendant can claim nothing more than to reduce the balance due on the unpaid note, under the provisions of the Ordinance of the Convention;" and the Commissioner was ordered "to ascertain and report the amount really due on the said note, and that, in so doing,

7

he do regard the provisions of the said Ordinance." Under this order, the Commissioner took and reported testimony, introduced by complainant.

On the 26th February, 1868, the matter was recommitted, "in order that further testimony be taken, under the decree," and the Commissioner submitted the following report:

"That he has taken additional testimony, which, with that originally taken, is submitted:

".As to some of the items, there is a good deal of difference in the opinions of the witnesses, and the Commissioner has had to adopt the plan of striking a medium between them; and he is satisfied that the result is a close approximation of the true value, as it fixes the whole amount of the property at very nearly the same figures which were reached on the estimate made by John Jordan, a witness on whose judgment and experience in such matters the Commissioner places great confidence, and who was present when the property was sold, and who drew up the papers for the parties.

"I have in this way fixed the whole value of the property, which was sold in 1862 for $7,720, at the sum of $4,980. Applying the principle fixed by the decree, it reduces the balance of principal on the unpaid note from $1,850 to $1,193.50. The interest on this, from its date, 2d October, 1862, to day of payment, 2d October, 1864, is $167.08, making the amount then due, $1,360.58. The interest on that makes the amount due, 2d April, 1868, $1,788.91.

."The Commissioner further reports, that no interest has been paid since 29th April, 1865, and that the interest accruing on the present principal, $1,360.58, will be, on 29th April, 1868, $285.69."

The defendant submitted the following exceptions to the report of the Commissioner:

*First.* Because two thousand four hundred and seventy-five dollars, ($2,475), of the whole sum of four thousand nine hundred and eighty dollars and fifty cents, ($4,980.50), reported by the Commissioner as the true value of the consideration of the contract, was for slaves, and should, therefore, have been stricken from the estimate.

*Second.* Because, in any view, the Commissioner, in estimating the value of the slaves, should have taken into consideration the general emancipation which had been proclaimed, and was in process of being enforced, by the United States Government, and

which was, in fact, shortly after carried into effect; and, taking this into consideration, he should have fixed their true value at the price of the hire of the slaves, from the time they went into possession of defendant until the occupation of the State by the Federal troops.

*Third.* Because the complainant received Confederate money without question, and all sums so received by him should be credited upon the amount found as the value of the contract; and, if this be done, the defendant will be found to have owed nothing to the complainant.

*Fourth.* Because interest should not be charged, except from the day the last note became due.

The exceptions were overruled by the Commissioner, and were then heard by His Honor the Chancellor, who made a decree as follows:

LESESNE, Ch.   On hearing the report of the Commissioner in this case, and the defendant's exceptions thereto, it is, on motion of Messrs. Hutson & Legare, for the complainant,

Ordered, That the exceptions be overruled, and the report be confirmed as the order of this Court.

And it is further ordered, That the defendant do pay to the complainant the sum of seventeen hundred and eighty-eight dollars and ninety-one cents, with interest from the 2d April, 1868, and the costs of this case.

And it is further ordered, That unless the said Warren Kinsman shall, on or before the first day of August next, pay to the complainant the whole amount of interest which has accrued on the principal of the said debt, (namely, on $1,360.58,) since 29th April, 1865, and the costs of this case, the Commissioner shall sell, on the first Monday of August, at Orangeburg, having duly advertised the same twenty-one days before, all the property, real and personal, described in Exhibit A of the complainant's bill, (except the provisions,) the personal property for cash, and the real estate for one-half cash, the balance on a credit of six months, secured by bond, with interest from date, and a mortgage of the premises, containing a covenant for resale, after due notice, upon a breach of the condition of the bond, purchasers paying for papers and stamps. But if the defendant shall, before the day of sale, pay the complainant, or his order, the interest which has accrued up to that

time and since 29th April, 1865, and the costs, then the execution of this decree shall.be stayed until the further order of this Court, which the complainant may apply for at any time at Chambers.

In estimating the true value of the consideration of the contract, the Commissioner has put the negroes on the same footing with the other property, just as if their emancipation had not afterwards taken place, and (the Court thinks) rightly.

If the entire nominal amount of the debt had been paid in Confederate currency, the contract would have been executed, and the debt extinguished. So, too, the partial payments made in that currency reduced the said nominal amount to that extent, and it is the balance remaining unpaid that is liable to be *scaled*, according to the provisions of the Ordinance of 1865.

The interest made payable at the maturity of the note, being unpaid, became principal, and bears interest.

The defendant appealed, on the same grounds taken in his exceptions to the Commissioner's report.

*Simonton & Glover*, for appellant.

*Hutson & Legare*, contra.

April 29, 1869. The opinion of the Court was delivered by

Moses, C. J. The Court of Appeals, in its opinion in this case, (13 Rich., Eq., 268,) indicated the proper mode of applying the relief intended by the Ordinance of September, 1865, to the particular circumstances involved in it.

It also held that the Circuit decree, which it confirmed, conformed exactly to such mode.

The Commissioner proceeded to take the testimony, and submitted his report, to which four exceptions were filed. These were overruled by the Chancellor, and are here made grounds of appeal from his decretal order. Of these, at the hearing in this Court, the first, third and fourth were abandoned. The second is in the words following: " Because, in any view, the Commissioner, in estimating the value of the slaves, should have taken into consideration the general emancipation which had been proclaimed, and was in process of being enforced by the United States Government, and which was, in fact, shortly after carried into effect; and, taking this into consideration, he should have fixed their true value at the price of

the hire of the slaves from the time they went into possession of defendant, until the occupation of the State by the Federal troops."

This exception, in fact, presents a new question—one not taken in the answer, neither submitted at the hearing, nor made a ground of appeal against the decree. The judgment of the Court of Appeals regarded the negroes, which made a part of the contract, as property, and their true value, as such, in currency, was to be ascertained. To change the relation in which they were accepted by both parties, and to ask now that only the hire should be estimated, by reason of the new condition they assumed long subsequent to the sale, is to seek a position which the appellant, from the course of the proceedings, cannot occupy.

He is concluded, by the appeal decree, from any ground of defence that does not necessarily and legitimately arise under it.

The appeal decree left nothing to the Commissioner to ascertain but the sum, in lawful money, which, under the particular circumstances of the case, would be a just representative of the value, falsely expressed by the exaggerated price named in the contract.

The exception, then, can only be viewed as an objection to the value which the Commissioner, under the order, fixed on the negroes, regarding them (at the time of the contract) as property.

His whole duty was, to ascertain the facts and report the conclusion of his judgment on them. If, in doing this, he has carried out the principles of the decree, his report cannot be impugned.

It has been the uniform rule of the appellate tribunals—whose jurisdiction this Court now administers—that, unless clear mistake is shown, to sustain the Commissioner in all conclusions of fact, where his judgment is approved by the Chancellor on Circuit.— *Lyles* vs. *Lyles*, 1 Hill Ch., 76 ; *Clark* vs. *Jenkins*, 3 Rich. Eq , 318. If they concur, proof of a very overbearing character is required to disturb the result which they reach. Here, no such sufficient error has been made to appear.

The appeal is dismissed, and the case remanded to the Circuit Court, that the plaintiff may there move for such orders as may be necessary to give proper effect to the decree.

*Willard,* A. J., concurred.